## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>DANIEL P. WOODARD,<br><br>Debtor | Chapter 13<br>Case No. 08-31295-EDK |
| DANIEL P. WOODARD,<br>LYNNE HARRINGTON,<br><br>Plaintiffs<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>CO., INDYMAC FEDERAL BANK F.S.B.,<br>REINER, REINER AND BENDETT, P.C.,<br><br>Defendants | Adversary Proceeding<br>No. 08-3043-EDK |

**MEMORANDUM OF DECISION**

I. FACTS AND TRAVEL OF THE CASE

In September 2004, Daniel P. Woodard (the "Debtor") and his spouse, Lynne Harrington ("Harrington"), refinanced a mortgage loan encumbering their property in Northfield, Massachusetts. To secure the loan, the Debtor and Harrington gave a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for IndyMac Federal Bank F.S.B. ("Indymac"), which was later assigned to Deutsche Bank National Trust Co. ("Deutsche"). Within a year, the Debtor and Harrington fell into default, and eventually the property was sold by way of foreclosure in early 2008.

1

On September 4, 2008, the Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code.[1]  In his schedules and statements, the Debtor indicated that he believed the prepetition foreclosure was "wrongful" and, in December 2008, he commenced the present adversary proceeding seeking, *inter alia*, a judgment that the foreclosure was invalid.  Through Count I of the complaint, the Debtor argued that the foreclosure sale was invalid because: (1) Deutsche did not receive the mortgage by assignment prior to foreclosure proceedings; (2) the assignment was in contravention of the pooling and servicing agreement between Indymac and Deutsche; and (3) the Debtor did not receive proper notice of the intent to foreclose.  In Counts II, III, and IV, the Debtor alleged that Deutsche committed fraud, deceit, and misrepresentation, violated Massachusetts' consumer protection statute (Mass. Gen. Laws ch. 93A), and violated the Massachusetts state version of the Fair Debt Collection Practices Act (including regulations codified at C.M.R. § 209) by failing to inform the Debtor of ongoing foreclosure activities at a time when the bank was communicating with the Debtor regarding loss mitigation alternatives.  In Count V of the complaint, the Debtor further alleged that Deutsche committed a breach of contract (both the mortgage and the note) by failing to give required notices and failing "to deal with him fairly and in good faith."  And, finally, in Count VI, the Debtor alleged that the foreclosure sale constituted a fraudulent transfer of the Debtor's property.

While two of the defendants, Indymac and Reiner, Reiner and Bendett, P.C., were dismissed from the suit, the motion to dismiss filed by Deutsche was denied.  Following Deutche's filing of an answer, however, little progress was made in the adversary proceeding.  No pretrial hearing was held; instead, the matter was continued generally in September 2009 after the parties represented that a settlement was imminent.  Having been pending for slightly less than a year, the

---

[1] *See* 11 U.S.C. §§ 101 *et al.* (the "Bankruptcy Code" or the "Code").  All references to statutory sections are to provisions of the Bankruptcy Code unless otherwise noted.

adversary proceeding then languished – no settlement agreement was filed and the Debtor took no further action to prosecute the case.

Meanwhile, outside of the purview of the bankruptcy court, the Debtor and Deutsche executed a loan modification in June 2015. Under the modification, Deutsche agreed to write off $202,700 of the total amount owed – consisting of over $91,000 in principal and over $111,000 in unpaid interest. The modification reduced the principal balance on the mortgage loan to approximately $138,000 and reduced the interest rate to 4%.

In August 2017, nearly 9 years from the commencement of the case, the court was alerted to the dormant adversary proceeding. A notice of inactivity was issued, to which the Debtor responded by reporting that the case had potentially been settled. Despite the Debtor's initial representations that a settlement had possibly been reached, the Debtor ultimately took the position that the 2015 loan modification did not constitute a settlement of all the claims raised in the adversary proceeding, and the Court agreed. Following a two-day trial, the Court took the matter under advisement.

## II.   DISCUSSION

By the time of trial, Deutsche had conceded that the foreclosure sale was invalid pursuant to the Massachusetts Supreme Judicial Court's ruling in *U.S. Bank National Ass'n v. Ibanez*, 458 Mass. 637 (2011), as the mortgage note had not yet been assigned to Deutsche when the first foreclosure notices were sent. Accordingly, both parties requested a judgment on Count I clarifying that title to the property stands in the name of the Debtor and Harrington, subject to Deutsche's mortgage. As for the remaining counts, however, the Debtor presented no evidence at trial in support of those claims. While the complaint alleges that Deutsche misled the Debtor

regarding the status of the foreclosure proceedings and failed to deal with him in good faith, he acknowledged at trial that he received notice of the impending foreclosure and presented no evidence to substantiate the claims articulated in the complaint. Similarly, with regard to the fraudulent transfer claim, the Debtor failed to produce any documentary or testimonial evidence relevant to the appropriate factual inquiry. *See Adams Co-operative Bank v. Greenberg (In re Greenberg)*, 229 B.R. 544 (B.A.P. 1st Cir. 1999) (describing relevant factual inquiry). Accordingly, the Court will grant judgment in favor of Deutsche as to Counts II through VI of the complaint.

The Debtor's trial testimony largely centered on the damages he allegedly sustained as the result of the invalid foreclosure sale. The Debtor's claimed damages are: (1) $5,241 in Massachusetts capital gains tax on the amount of principal loan forgiveness as a result of 2015 loan modification; (2) $26,100 for the cost of force-placed insurance, as the Debtor was unable to obtain his own insurance policy after the foreclosure sale; (3) travel time and mileage for his attendance in court; and (4) attorney's fees.

The Court finds that an award of monetary damages in this case is not warranted. First, with regard to the capital gains tax, as the Debtor himself acknowledged, that obligation was incurred as a result of the execution of the loan modification, and not as a consequence of the foreclosure sale. With regard to the Debtor's travel time to attend proceedings in this Court, not only did the Debtor fail to document that time or provide relevant dates, the Debtor also failed to cite to any legal authority that would require a defendant to compensate a party to a case for their time spent in litigation.

The Debtor raised his most plausible claim for damages arising from his inability to obtain a lower cost insurance policy on the property as a result of the foreclosure sale. But the Court

4

finds that any damages the Debtor may have suffered as a result of the invalid foreclosure sale were grossly exacerbated by his own dilatory conduct in prosecuting this case and have already been fully compensated.  The Debtor makes much of the length of time this adversary has been pending and calculates his monetary damages with frequent reference to the almost 10 years that the property has not been re-titled to him.  However, it was the Debtor's burden, and not the defendant's, to prosecute his own case.  Having failed to reach a settlement in a timely manner following the general continuance of this adversary proceeding, it was incumbent upon the Debtor to return to Court and actively pursue the relief sought.

Most important is the Debtor's own admission at trial that Deutche's forgiveness of approximately $202,000 in conjunction with the 2015 loan modification represented compensation for "the damage they caused by illegally foreclosing."  March 5, 2019 Trial Tr. 48:21-22.  The Debtor complained, however, that Deutsche "did not forgive over and above anything for the damages to me.  They just forgave what they caused . . . ."  *Id.* at 49:2-4.

"A fundamental principle on which the rule of damages is based is compensation.  Compensation is that amount of money that reasonably will make the injured party whole.  Compensatory damages may not exceed this amount.  Anything beyond that amount is a windfall."  *Kattar v. Demoulas*, 433 Mass. 1, 15, 739 N.E.2d 246, 258 (2000).  Having, by his own admission, been compensated by Deutsche for "the damage they caused by illegally foreclosing," what the Debtor asks for now is a windfall.  That request is denied.

5

IV.     CONCLUSION

For all the foregoing reasons, the Court will issue a judgment on Count I declaring the foreclosure sale void, but will award no further compensation for the alleged damages in this case. Judgment for Deutsche will enter on all remaining counts. Separate forms of judgment shall enter forthwith.


DATED: October 1, 2019                    By the Court,

                                          _____
                                          Elizabeth D. Katz
                                          United States Bankruptcy Judge